IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

VIRGINIA BURTON,

                      Plaintiff,

v.                                   Action No. 3:07–CV–760

THE TJX COMPANIES, INC.,

                      Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion for Default Judgment by Virginia Burton. For the reasons stated below, the Court will DENY the Motion, but ORDER The TJX Companies, Inc. to pay the costs that Burton incurred to seek an entry of default and default judgment.

1.     Background

On April 5, 2007, Burton filed suit in the Circuit Court for the County of Chesterfield for an injury that she sustained when she fell in one of the defendant's T.J. Maxx stores. On November 21, 2007, a summons and a copy of Burton's complaint were served on TJX, which removed the suit to this Court and filed a motion to dismiss for failure to state a claim on December 12, 2007. The Court denied that motion on January 10, 2008, and TJX answered Burton's complaint on January 28, 2008. Then, on February 14, 2008, plaintiff filed a motion to amend her complaint, which the Court granted. Finally, on February 19, 2008, Burton filed the Motion that is before the Court.

1

2. <u>Discussion</u>

   A. <u>Whether TJX defaulted</u>

Burton contends that TJX defaulted twice by filing its answer on January 28, 2008, which is (1) more than twenty days after Burton filed her complaint on November 21, 2007, in violation of Federal Rule of Civil Procedure 12(a)(1)(A); and (2) more than ten days after the Court denied TJX's motion to dismiss for failure to state a claim on January 10, 2008, in violation of Federal Rule of Civil Procedure 12(a)(4)(A). Whether TJX defaulted depends on how the deadline for filing an answer is affected by (1) removing a case to federal court, and (2) filing a motion to dismiss for failure to state a claim.

In general, an answer must be filed within twenty (or sixty, if the defendant has timely waived service) days after the filing of a complaint. Fed. R. Civ. P. 12(a). However, if a case is removed to federal court, Rule 81(c) modifies the deadline for responsive pleadings: a defendant that does not answer before removal may file an answer or present other objections or defenses within the longest of three periods: (1) twenty days after receiving, through service or otherwise, a copy of the initial pleading; (2) twenty days after being served with the summons for an initial pleading on file at the time of service; or (3) five days after the notice of removal is filed. Fed R. Civ. P. 81(c)(2). A motion to dismiss for failure to state a claim is one of the "other defenses" contemplated by Rule 81(c). See <u>Bernier v. Columbia Gas Transmission Corp.</u>, 2005 WL 1797502, at *9 n.4 (W.D. Va. July 15, 2005) (noting that Rule 81(c) sets the time period in removed cases for a defendant to file defenses under Rule 12).

On December 12, 2007, TJX, not yet having filed an answer, removed this case to this Court. Since December 12 was more than twenty days after TJX was served and received a copy of Burton's Complaint, TJX had five days after removal to file an answer or present other objections or defenses. See Fed. R. Civ. P. 81(c). On the same day, TJX presented a defense, claiming that Burton's complaint failed to state a claim upon which relief could be granted. Because the case was removed on December 12, 2007, the deadline to file this motion was December 19, 2007.[1] Thus, TJX's motion to dismiss was timely filed.

Filing the motion to dismiss changed the deadline for TJX's answer until ten days after this Court disposed of the motion. Fed. R. Civ. P. 12(a)(4). Because this court denied TJX's motion on January 10, 2008, the new deadline for filing an answer became January 24, 2008.[1] But, TJX did not file an answer to Burton's complaint until January 28, 2008. Since its answer was late by four days, TJX was in default on January 24, 2008.

B.   Analysis of Burton's motion for default judgment

An entry of default has not been entered in this case. However, this is an insubstantial procedural error, see Town and Country Kids, Inc. v. Protected Venture Inv. Trust #1, Inc., 178 F.R.D. 453, 454 & n.2 (E.D. Va. 1998) (internal citations omitted), and a court may grant a default judgment even if an entry of default has not been made, Trevino v. D.H. Kim Enters., Inc., 168 F.R.D. 181, 183 n. 3 (D. Md. 1996) (citation omitted). Thus, the Court will proceed as if an entry of default has been entered.

---

[1] Since fewer than eleven days were involved, the deadline was calculated by excluding the day of removal, Saturdays, and Sundays. See Fed. R. Civ. P. 6(a).

A court may enter a default judgment against a party that "fail[s] to plead or otherwise defend" against a claim for affirmative relief. Fed. R. Civ. P. 55(a). Unless the claim of the party seeking a default judgment is "for a sum certain or a sum that can be made certain by computation," id. 55(b)(1), however, the party may obtain a default judgment only by asking a court to enter one, id. 55(b)(2). A court may "set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), or grant a motion for a default judgment under Rule 55(b) in its discretion, see Trustees of Bricklayer & Stonemasons Local No. 2 Welfare Fund v. Hudgins, 2007 WL 1825496, at *1 (E.D. Va. June 21, 2007). But, courts interpret Rule 55(c) liberally to avoid the "onerous consequences" of defaults and default judgments. Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Any doubts should be resolved in favor of setting aside an entry of default and hearing a case on the merits. Id. Stated differently, a default judgment should be entered only if other sanctions would not suffice. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

The factors used to determine if "good cause" warrants setting aside an entry of default are whether:

- the defendant has a meritorious defense to the complaint's allegations;

- the defendant acted with reasonable promptness to set aside the entry of default;

- the defendant has a history of dilatory action in the current litigation;

- the defendant – not his attorney – was responsible for the default;

- the plaintiff was prejudiced by the defendant's delay; and

4

- less drastic sanctions are available.

See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006) (internal citations omitted). In the Fourth Circuit, the "meritorious defense" and "reasonable promptness" factors are given the most weight. See Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (internal citation omitted). However, some district courts within the Fourth Circuit consider the "personal responsibility" factor the most important. See, e.g., Colleton Preparatory Acad., Inc. v. Beazer E., Inc., 223 F.R.D. 401, 406 (D.S.C. 2004).

Of these factors, Burton addresses only TJX's "history of dilatory conduct." TJX only addresses prejudice and whether it was personally responsible for its delay. Thus, the Court will analyze Burton's request in light of the record. See Carbon Fuel Co. v. USX Corp., 153 F.3d 719, *4 (4th Cir. Aug. 6, 1998) (unpublished table decision) (analyzing the "meritorious defense" factor in light of the record because the defendant did not explain why he had a meritorious defense in his motion to vacate entry of default).

    1.    TJX has alleged meritorious defenses

To establish a meritorious defense, the defaulting party must proffer evidence which, if believed, would permit the factfinder to find for the defaulting party after a trial on the merits, or would establish a valid counterclaim. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (internal citations omitted). Conclusory statements that aver a meritorious defense are insufficient; there must be underlying facts to support the defense. See Consol. Masonry & Fireproofing, Inc., 383

F.2d at 251-52. As applied, this standard is a low bar. See, e.g., Augusta Fiberglass Coatings, Inc., 843 F.2d at 812 (upholding the district court's finding that the defendant had presented a meritorious defense, even though the alleged defenses and counterclaims addressed only the amount of plaintiff's claims, without putting forth a defense or counterclaim).

TJX's answer, among other things, alleges that Burton's claim was made outside of the statute of limitations and denies she was a customer in any of TJX's stores on or around April 9, 2005. These claims alone are sufficient to establish a meritorious defense. See Starr Consulting, Inc. v. Global Res. Corp., 2007 WL 4380101, *4 (M.D.N.C. Dec. 11, 2007). Therefore, this factor weighs against granting default judgment to Burton.

    2.    <u>TJX acted to cure the default reasonably promptly</u>

Whether a party has acted reasonably promptly to set aside an entry of default must be determined "in light of the facts and circumstances of each occasion . . . ." See United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). However, courts routinely look at other courts' decisions to determine whether a delay is reasonable. See, e.g., Wolfe v. Nat'l Med. Care, Inc., 2008 WL 200311, *3 (S.D. W. Va. Jan. 23, 2008). District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside. See United States v. $10,000.000 in United States Currency, 2002 WL 1009734, *3 (M.D.N.C. Jan. 29, 2002); Esteppe v. Patapsco & Back Rivers R.R. Co., 2001

WL 604186, *4 (D. Md. May 31, 2001); Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001).

In the instant case, Burton filed her motion for entry of default and her Motion for Default Judgment on February 19, 2008. TJX filed its opposition to Burton's request on February 28, 2008, only nine days later. Nothing in the record indicates that TJX was aware that Burton sought an entry of default any earlier than February 19, 2008. By comparison to other case law in this circuit, then, TJX acted reasonably promptly to address Burton's motion for an entry of default. Therefore, this factor weighs against entering default judgment.

        3.        TJX does not have a history of dilatory action

Dilatory actions include, but are not limited to, stalling and ignoring a court's direct order. McCain v. Educ. Credit Mgmt. Corp., 353 B.R. 452, 464 (Bankr. E.D. Va. 2006) (internal citations omitted). In this case, there is no evidence that TJX has a history of committing dilatory actions. Although Burton alleges that TJX defaulted more than once, TJX delayed on only one occasion: it failed to file a timely answer, a problem that it has corrected. Therefore, this factor weighs against granting Burton default judgment.

        4.        The default was caused by the neglect of TJX's attorney, not TJX

The Fourth Circuit has ruled that a party should not be penalized by a default judgment for his attorney's errors. See Lolatchy, 816 F.2d at 953 (citation omitted). In its opposition brief, TJX admits that its answer was filed late, and claims that this was due to its attorney's error. The Court infers that, since TJX's attorney was hired to answer Burton's

complaint, she was responsible for the answer's lateness. See DIRECTV, Inc., 2003 WL 22299034, at *2. Accordingly, this factor weighs against granting Burton default judgment.

### 5.  Plaintiff has not been prejudiced by TJX's delay

The non-defaulting party bears the burden of showing prejudice. Combustion Sys. Sales, Inc. v. Eastern Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 691 (M.D.N.C. 1986). To determine if the non-defaulting party was prejudiced, courts examine whether the delay:

- made it impossible for the non-defaulting party to present some of its evidence;
- made it more difficult for the non-defaulting party to proceed with trial;
- hampered the non-defaulting party's ability to complete discovery; and
- was used by the defaulting party to collude or commit a fraud.

See Lolatchy, 816 F.2d at 952–53. Courts give the most weight to the first two factors. See id. Delay itself is insufficient to cause prejudice, however, id., and the fact that a party was inconvenienced is not sufficient to constitute prejudice, see Palmetto Fed. Sav. Bank of S.C. v. Indus. Valley Title Ins. Co., 756 F. Supp. 925, 933 (D.S.C. 1991), vacated on other grounds, 1991 WL 832830 (D.S.C. May 15, 1991). Most importantly, the primary consequence of setting aside an entry of default – having a case heard on the merits – is not prejudicial. Roberts v. Genesis Healthcare Corp., 2007 WL 530493, at *3 (D. Md. Feb. 13, 2007).

Plaintiff has asserted no prejudice, and the record shows that there was none. Since TJX's default, both parties have submitted a discovery plan, participated in a pretrial conference, and made Rule 26 disclosures. The ability to conduct discovery and proceed with trial has not been hampered. Additionally, Burton has not alleged, and there is no evidence showing, that TJX delayed in order to collude or commit a fraud, or that Burton will not be able to present evidence at trial due to the delay. Thus, this factor weighs against granting Burton default judgment.

### 6. Less drastic sanctions are available

Less drastic sanctions include making a defendant pay for all of a plaintiff's expenses incurred by the defendant's delay, including the attorney's fees associated with attempting to secure the default judgment. Lolatchy, 816 F.2d at 953. A court may also hold the delaying party's attorney in contempt of court. Id. Given that all of the factors discussed above weigh against granting default judgment to Burton, the Court will impose the less drastic sanction of requiring TJX to pay for all of Burton's costs associated with seeking entry of default and default judgment on TJX.

### C. Burton did not waive her right to a default judgment by amending her Complaint

Finally, TJX argues that Burton waived her right to default judgment by filing a motion to amend her complaint and, after the Court granted that motion, amending her complaint. TJX does not cite any authority to support its claim. But, this omission is not fatal, since, as described above, the balance of factors weighs against granting Burton default judgment.

9

3. <u>Conclusion</u>

For the reasons stated above, the Court will DENY Burton's Motion for Default Judgment, but ORDER TJX to pay Burton's costs associated with seeking an entry of default and default judgment.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED.

>                         /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this __1st__ day of May 2008